UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLAUDE PORTER**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO. 22-76-BAJ-SDJ**

**TRISTAN L.
LEAVITT, et al.**

---

### NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 9, 2023.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLAUDE PORTER**                                       **CIVIL ACTION**

**VERSUS**                                              **NO. 22-76-BAJ-SDJ**

**TRISTAN L.
LEAVITT, et al.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss (R. Doc. 13) filed by the National Labor Relations Board[1] on June 21, 2022.[2] Plaintiff filed an Opposition (R. Doc. 18), to which the NLRB submitted a Reply Memorandum (R. Doc. 24). The NLRB primarily argues that, because Plaintiff's cause of action is "time-barred by the statute of limitations set forth in 28 U.S.C. 2401(a)," this Court lacks jurisdiction and dismissal is therefore appropriate under Rule 12(b)(1). (R. Doc. 13-1 at 2). Alternatively, the NLRB suggests the Court lacks subject matter jurisdiction "to review prosecutorial decisions of the NLRB's General Counsel refusing to issue an administrative complaint and dismissing unfair-labor-practice charges." (R. Doc. 13-1 at 3).

---

[1] The remaining federal Defendants filed their own Motion to Dismiss (R. Doc. 14), which the Court will consider separately. This Report and Recommendation is limited to the Motion to Dismiss (R. Doc. 13) filed by the NLRB.

[2] Although Plaintiff named as a Defendant Lauren McFerran, Chairman of the NLRB, she is being sued in her official capacity. Plaintiff does not make a single allegation against Chairman McFerran — her name is only found in the list of "Defendants" at the beginning of the Pro Se Civil Complaint Form. (R. Doc. 1 at 2). Instead, Plaintiff's actual Complaint identifies "Defendant No (4)" as the "National Labor Relation[s] Board" and summarily claims that the "NLRB denied [Plaintiff] due process by not adjudicating [his] complaints against the USPS and the NRLCA." (R. Doc. 1 at 15). And so, Plaintiff has asserted an official-capacity claim against Chairman McFerran, which the Court treats as a suit against the NLRB, the agency she heads. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.").

Because the Court agrees that it lacks subject matter jurisdiction and that Plaintiff's claim must be dismissed pursuant to Rule 12(b)(1), it does not reach the NLRB's remaining bases for dismissal under Rule 12(b)(6). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

**I.   BACKGROUND**

"Over 22 years ago" Plaintiff was allegedly removed from his job with the United States Postal Service for refusing to "work on official relief days which [were] observe[d] as a religious sabbath by [Plaintiff] in violation of the Joint Arbitration Agreement between the Postal Service and the National Rural Letter Carrier Association." (R. Doc. 1 at 5). The Complaint's one and only allegation against the NLRB is that it denied Plaintiff "due process by not adjudicating [his] complaints against the USPS and the NRLCA." (R. Doc. 1 at 15). Nothing more is said of the NLRB throughout the Complaint.

In its Motion to Dismiss, the NLRB clarifies that Plaintiff filed unfair labor practice charges in 1999 against his employer, the United States Postal Service, and his union, the National Rural Letter Carrier Association, following his 1998 termination. (R. Doc. 13-1 at 5).[3] The Regional Director of the NLRB in New Orleans decided (on behalf of the NLRB's General Counsel) not to issue a complaint against either the USPS or the NRLCA and dismissed Plaintiff's charges. (R. Doc. 13-1 at 5); (R. Doc. 18 at 2). Plaintiff appealed, and on February 7, 2000, the NLRB's Office of Appeals denied both appeals on behalf of the NLRB's General Counsel. (R. Doc. 13-1 at 6). The NLRB's summary of events is consistent with the documentation attached to Plaintiff's

---

[3] The fact that Plaintiff simultaneously filed separate charges against the USPS and the NRLCA is not integral to the Court's analysis. Given that, and for simplicity, the Court often refers to Plaintiff's charges as a single charge throughout this Report and Recommendation.

Opposition (R. Docs. 18-1 to 18-5) (letters received from the NLRB regarding its refusal to issue unfair labor practice complaints).

Despite being removed from his position with USPS in 1998 (R. Doc. 1 at 7), Plaintiff applied for deferred annuity benefits in June of 2019 (R. Doc. 1 at 3). The Office of Personnel Management denied his request for retirement benefits in July of 2019, as Mr. Porter had not been employed by the USPS for more than 2 decades. (R. Doc. 1 at 3). After appealing this denial to the Merit Systems Protection Board and eventually the United States Court of Appeals for the Federal Circuit, Plaintiff filed this lawsuit on February 2, 2022. (R. Doc. 1). In the Complaint, Plaintiff claims that he is still employed by the USPS because his termination was unlawful, and he is therefore entitled to retirement benefits. (R. Doc. 1 at 3, 16). As relief, he asks the Court to reverse OPM's "denial of his eligibility for retirement" and compute his eligibility for retirement benefits to the "present day." (R. Doc. 1 at 16). He does not request any relief specific to the NRLB in his Complaint.

In his Opposition, however, Plaintiff raises additional allegations regarding the NLRB's handling of his charge and claims he is "seeking a Mandamus Review of the prosecutorial discretion" exercised by the General Counsel of the NLRB in refusing to issue complaints against the USPS and the NRLCA. (R. Doc. 18 at 7, 8). To be clear, Plaintiff is not only asserting new factual allegations, but an additional basis for jurisdiction under the Mandamus Act—none of which are found in his lengthy Complaint. But because Plaintiff is proceeding pro se, the Court has nonetheless considered his new allegations and basis for jurisdiction in connection with the NLRB's Motion to Dismiss.[4]

---

[4] Just before concluding, the Court below recommends that Plaintiff's cause of action be dismissed without an opportunity to amend his Complaint. The Court's recommendation is largely based on Plaintiff's inability to allege any facts that might cure the jurisdictional and other defects cited by the Court. But also, an amendment would be

## II.   LEGAL STANDARD

The party asserting subject-matter jurisdiction "bears the burden of proof for a motion to dismiss" under Rule 12(b)(1). *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). The district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Smith*, 756 F.3d at 347. "The standard of Rule 12(b)(1), while similar to the standard of Rule 12(b)(6), permits the court to consider a broader range of materials in resolving the motion." *Martin v. Halliburton*, 618 F.3d 476, 481 n.5 (5th Cir. 2010); *see also Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts" in resolving Rule 12(b)(1) motion).

## III.   DISCUSSION

The Court agrees with the NLRB that it lacks jurisdiction because the conduct at issue — the General Counsel's failure to issue an unfair labor practice complaint — "is an exercise of prosecutorial discretion, which is not subject to judicial review." *Beverly Health & Rehabilitation Servs., Inc. v. Feinstein*, 1996 WL 523729, at *2 (D.D.C. July 25, 1996). What's more, any claim

---

pointless, as Plaintiff's Opposition seemingly contains the new factual allegations and bases for jurisdiction that Plaintiff would include in any amendment. As such, Plaintiff has alleged his best case, and amendment of the Complaint is not appropriate for this additional reason. *Dark v. Potter*, 293 F. App'x 254, 257–58 (5th Cir. 2008) ("[T]he record does not indicate that Dark amended her complaint, but . . . she filed a lengthy response to the USPS's motion to dismiss. . . . [W]e believe Dark was fully apprised of her complaint's potential insufficiency and given opportunity to correct any insufficiencies. . . . Thus . . . we assume that Dark has alleged her best case."); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("Although the plaintiff here has not filed a supplemental complaint, he did file an extensive response to the defendants' motion to dismiss. This pleading responds specifically to the defendants' objection that the complaint" was defective.)

Plaintiff could conceive of bringing against the NLRB has long prescribed. The Court discusses both bases for dismissal below.[5]

### A.     Judicial Review Unavailable

Under the NLRA, the General Counsel of the NLRB has "final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints . . . and in respect of the prosecution of such complaints before the Board." 29 U.S.C. § 153(d). The Act provides "the Board's General Counsel [with] unreviewable discretion to refuse to institute an unfair labor practice complaint." *Vaca v. Sipes*, 386 U.S. 171, 182 (1967).

"The words, structure, and history of . . . the NLRA clearly . . . differentiate between the General Counsel's and the Board's 'final authority' along a prosecutorial versus adjudicatory line." *N.L.R.B. v. United Food & Com. Workers Union, Loc. 23, AFL-CIO*, 484 U.S. 112, 124 (1987). The General Counsel has "'final authority' regarding the filing, investigation, and 'prosecution' of unfair labor practice complaints." *UFCW*, 484 U.S. at 124 (quoting 29 U.S.C.§ 153(d)). But when the "authority of the Board is discussed . . . it is in the context of the adjudication of [unfair labor practice] complaints. Specifically, § 10 of the Act refers to the Board and the procedures it must follow to decide unfair labor practice cases." *Id.* at 124 (citing 29 U.S.C. § 160).

---

[5] The NLRB alternatively argues that Plaintiff's cause of action should be dismissed under Rule 12(b)(6) because he has failed to state a claim for relief. But again, because the Court recommends that dismissal is appropriate under Rule 12(b)(1), it need not consider the NLRB's additional argument under Rule 12(b)(6). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

Prosecutorial determinations — e.g., the institution of or refusal to institute an unfair labor practice complaint,[6] or the refusal to withdraw an unfair labor practice charge[7] or complaint[8] — are "made solely by the General Counsel," whereas "'adjudicatory' decisions" are made by the Board. *UFCW*, 484 U.S. at 129, 130 (emphasis added). "The structure of § 10 of the NLRA emphasizes this distinction" by providing that "final decisions 'of the Board' shall be judicially reviewable,[9] thereby disclosing Congress' decision to authorize review of *adjudications*, not *prosecutions*" of unfair labor practice *complaints*. *Id.* at 129. Given this distinction, the Supreme Court has explicitly found that the NLRA does not "provide for judicial review of the General Counsel's prosecutorial function." *UFCW*, 484 U.S. at 129, 130.

To be clear, the decision not to issue an unfair labor practice complaint based on a charge is a discretionary and prosecutorial function of the General Counsel. *See UFCW*, 484 U.S. at 122 ("General Counsel's approval of a determination not to file an unfair labor practice complaint is not subject to judicial review"); *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 1389 (1975) ("Congress has delegated to the Office of General Counsel on behalf of the Board the unreviewable authority to determine whether a complaint shall be filed."); *Jackman v. NLRB*, 784 F.2d 759, 763

---

[6] *See N.L.R.B. v. United Food & Com. Workers Union, Loc. 23, AFL-CIO*, 484 U.S. 112, 125 (1987) ("decisions whether to file a complaint are prosecutorial"); *Vaca v. Sipes*, 386 U.S. 171, 182 (1967) ("the Board's General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint").

[7] *See Sanderson Farms, Inc. v. NLRB*, 651 F. App'x 294, 297 (5th Cir. 2016) ("decision whether to withdraw a charge" is an "exercise of [] prosecutorial discretion").

[8] *UFCW*, 484 U.S. at 126 ("General Counsel [has] . . . unreviewable discretion . . . to withdraw the [ULP] complaint before hearing").

[9] Even then, final decisions of the Board are subject to review by appellate courts — not district courts. *See Sanderson Farms, Inc. v. NLRB*, 651 F. App'x 294, 297 (5th Cir. 2016) (a final decision of the Board "would be subject to review by a court of appeals, not by a district court"). In other words, even if Plaintiff were seeking review of a final adjudicatory decision of the National Labor Relations Board — i.e. a decision subject to judicial review — this Court would still be without subject matter jurisdiction. *See Bokat v. Tidewater Equipment Co.*, 363 F.2d 667, 673 (5th Cir. 1966) ("If on §§ 10(e), (f), review of the unfair labor practice order the scheduling or consolidation of the hearing is demonstrated to have denied due process or statutory rights, the remedy is denial of enforcement of the order or other appropriate relief by the Court of Appeals, not the over-the-shoulder supervision of District Courts . . . .").

(6th Cir. 1986) ("[N]umerous courts of appeals have routinely concluded that such action by the General Counsel [— refusal to initiate an unfair labor practice complaint —] . . . is merely one of several pretrial discretionary nonreviewable evaluations . . . .").

And because it is prosecutorial, as opposed to adjudicatory, it is not subject to judicial review. *See Vaca v. Sipes*, 386 U.S. 171, 182 (1967) ("the General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint."); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 138 (1975) (General Counsel has "unreviewable authority to determine whether a complaint shall be filed"); *Augusta Bakery Corp. v. N.L.R.B.*, 846 F.2d 445, 447 (7th Cir. 1988) ("A decision by the General Counsel not to issue a complaint is not judicially reviewable."); *Dayton Newspapers, Inc. v. NLRB*, 402 F.3d 651, 668 (6th Cir. 2005) ("The NLRA gives the General Counsel virtually unreviewable rights to decide what charges should be pursued").

In his Opposition, Plaintiff makes it plainly clear that he is "requesting [that] this Court [] review" the NLRB's "refus[al] to issue an Unfair Labor Practice [Complaint] against [the USPS] who removed [Plaintiff] from the Postal Service by use of fraudulent, illegal, and invalid step one grievance resolution." (R. Doc. 18 at 2). This prosecutorial decision by the General Counsel of the NLRB is not subject to judicial review. And so, this Court lacks subject matter jurisdiction. Moreover, Plaintiff's conclusory allegations of fraud and the denial of due process do not warrant an exception to this well-established rule.

In his Opposition, Plaintiff points to the narrow and rarely successful exception carved out in *Leedom v. Kyne*, 358 U.S. 184, 189 (1958), as a basis for jurisdiction. *See American Federation of Gov't Employees v. Federal Labor Relations Authority*, 103 F. App'x 802, 805 (5th Cir. 2004) (*Kyne* exception is extremely narrow and "rarely used"); *Nyunt v. Chairman, Broad. Bd. of*

*Governors*, 589 F.3d 445, 449 (D.C. Cir. 2009) ("a *Leedom v. Kyne* claim is essentially a Hail Mary pass — and in court as in football, the attempt rarely succeeds").

To meet the *Kyne* exception, a plaintiff must "identify a specific provision of the Act which, although it is 'clear and mandatory,' has nevertheless been violated by the Board. That the Board may have made an error of fact or law is insufficient; the Board must have acted without statutory authority." *Hartz Mountain Corp. v. Dotson*, 727 F.2d 1308, 1312 (D.C. Cir. 1984) (quoting *Kyne*, 358 U.S. at 188).

Here, Plaintiff alleges in conclusory fashion that the NLRB denied him due process and committed fraud when it refused to issue an unfair labor practice complaint. (R. Doc. 1 at 15) (NLRB denied him "due process by not adjudicating [his] complaints against the USPS and the NRLCA."). According to Plaintiff, the General Counsel found his charge was untimely — a finding he believes was not only erroneous, but fraudulent, and resulted in a denial of due process. Neither of these arguments, however, are sufficient to meet the "extraordinarily narrow" exception outlined in *Kyne*. *See Hartz Mountain Corp.*, 727 F.2d at 1312.

Fatal to his argument, Plaintiff cannot not identify a single statutory provision that despite being "clear and mandatory" was nonetheless violated. *Kyne*, 358 U.S. at 188. Instead, he summarily claims that the "NLRB has violated a non-discretionary duty to file a complaint against the U.S. Postal Service for unfair labor practices and for not filing a complaint against the NRLCA for letting the Postal Service get away with it." (R. Doc. 18 at 7).

Incorrectly describing the General Counsel's prosecutorial discretion as "non-discretionary" in no way supports Plaintiff's alleged denial of due process, nor does it support the exercise of subject matter jurisdiction under the *Kyne* exception. *See Bokat v. Tidewater Equip. Co.*, 363 F.2d 667, 672 (5th Cir. 1966) ("The fact that the attack is voiced in conclusory language

of a denial of due process and like constitutional rights does not warrant stopping the Board in its tracks."); *Bova v. Pipefitters & Plumbers Local 60, AFL–CIO*, 554 F.2d 226, 228-29 (5th Cir. 1977) ("The plaintiff's arguments fail because he has not alleged any specific facts or cited any statutory . . . provisions which would show that the General Counsel violated any statutory requirements or [] constitutional rights. To invoke the jurisdiction of the federal courts, such allegations must clearly show that jurisdiction is appropriate.").

And while his Opposition, for the first time, claims that the Regional Director of the NLRB "committed fraud by changing [the] filing date" of Plaintiff's charge, there is no support for this in the record. (R. Doc. 18 at 7).[10] Specifically, Plaintiff claims that Annie Archie, a "Complaint I Specialist for the NLRB," sent Plaintiff a letter in July of 1999, "which documents a filing date of July 2, 1999." (R. Doc. 26 at 2). But a December 30, 1999 letter from "Curtis Wells, Regional Director for NLRB," shows that Mr. Wells "changed Plaintiff's filing date from July 2 to July 21." (R. Doc. 26 at 2-3). Both letters are found in the record, *see* (R. Doc. 18-1) (Archie Letter) *and* (R. Doc. 18-3) (Wells Letter), and neither supports Plaintiff's contention.

To begin, nothing in the letter from Annie Archie states that Plaintiff "fil[ed]" his charge on "July 2, 1999," as Plaintiff claims. (R. Doc. 26 at 2). Instead, it appears that Plaintiff is conflating the date he placed on the letter referenced by Ms. Archie, in which he made the charge against USPS and the NRLCA, with the date on which that charging letter was considered filed by the General Counsel on behalf of the NLRB. (R. Doc. 18-1 at 1) (Archie Letter: "Your letter dated July 2, 1999, received in this office on July 7, 1999."). Once again, Ms. Archie's letter does not say that Plaintiff *filed* his charge on July 2, 1999.

---

[10] The Court may properly consider the exhibits found throughout the record because the NLRB's Motion to Dismiss under Rule 12(b)(1) presents a factual attack on the Court's subject matter jurisdiction. *See Coles v. NLRB*, 14 F. Supp. 3d 1031, 1034 n.4 (S.D. Ohio 2014) (considering exhibits found throughout record to resolve Rule 12(b)(1) motion challenging court's jurisdiction to review General Counsel's decision not to file unfair labor practice complaint).

Plaintiff is correct, however, that Curtis Wells' letter indicates a filing date of July 21, 1999. (R. Doc. 18-3) (Wells Letter). Indeed, this is the first time a 'filing date' is indicated. (R. Doc. 18-3). Consistent with Mr. Wells' letter, the record contains 3 additional documents, none of which were authored by Mr. Wells, also indicating a filing date of July 21, 1999. (R. Doc. 18-5 at 1) (February 7, 2000 Letter from Appeals Office/General Counsel stating charge filed on July 21, 1999); (R. Doc. 13-3 at 7) (official NLRB database showing July 21, 1999 as filing date); (R. Doc. 13-3 at 9) (official NLRB database also showing filing date of July 21, 1999).[11]

The record, therefore, does not establish fraud, or even falsity, and it certainly does not meet the extremely narrow exception outlined in *Kyne*. *See Boire v. Greyhound Corp.*, 376 U.S. 473, 481–82 (1964) ("The *Kyne* exception is a narrow one, not to be extended to permit plenary district court review . . . whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law."); *Sanderson Farms, Inc. v. National Labor Relations Board*, 651 F. App'x 294, 298 (5th Cir. 2016) ("Simply alleging that the Board engaged in dishonest conduct did not confer" jurisdiction on the district court under *Kyne*); *American Federation of Gov't Employees, Local 1617 v. Federal Labor Relations Auth*., 103 F. App'x 802, 805 (5th Cir. 2004) (deciding whether someone met the definition of employee was a factual question and that there was no jurisdiction to review such a decision under *Kyne*). This Court therefore lacks subject matter jurisdiction over Plaintiff's cause of action against the NLRB.

Finally, Plaintiff's Opposition makes another novel claim — that this Court has jurisdiction pursuant to the Mandamus Act (R. Doc. 18 at 7), which gives district courts jurisdiction over any

---

[11] These other documents are not mentioned by Plaintiff, even though he had each document before filing his Opposition. (R. Doc. 13-3 at 7, 9) (attached to NLRB's Motion to Dismiss); (R. Doc. 18-5) (attached by Plaintiff to his own Opposition).

"action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361. Specifically, Plaintiff argues that the NLRA "guarantees [him] certain rights, including the right to Due Process as provided by the Constitution." (R. Doc. 18 at 7). And because the NLRB was charged with protecting those rights, it had a "non-discretionary duty to file a complaint against the U.S. Postal Service for unfair labor practice and . . . against the NRLCA for letting the Postal Service get away with it." (R. Doc. 18 at 7). Plaintiff is mistaken.

"Mandamus is an extraordinary remedy, available only where government officials clearly have failed to perform nondiscretionary duties" — i.e., a duty to act "devoid of the exercise of judgment or discretion." *Dunn-McCampbell Royalty Int., Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1288 (5th Cir. 1997); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (mandamus provides "a remedy for a plaintiff only if . . . the defendant owes him a clear nondiscretionary duty").

The decision whether to issue an unfair labor practice complaint, however, is "plainly discretionary." *Remington Lodging & Hospitality, LLC v. Ahearn*, 749 F. Supp. 2d 951, 956 (D. Alaska 2010) (rejecting nearly identical argument); *see also UFCW*, 484 U.S. at 125-26 ("decisions whether to file a complaint are prosecutorial," and thus, represent an exercise of "unreviewable discretion"). Indeed, it is a decision "integral to the exercise of the prosecutorial function by the General Counsel for which *no* judicial review is available, even under the Mandamus Act." *Paulsen v. All American School Bus Corp.*, 986 F. Supp. 2d 142, 148 (E.D.N.Y. 2013) (rejecting a nearly identical argument). And so, this Court lacks subject matter jurisdiction over Plaintiff's cause of action against the NLRB and it should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

But even if we assumed, purely for the sake of argument, that an exception did apply that would allow this Court to exercise of jurisdiction over the otherwise unreviewable decision of the General Counsel, Plaintiff's cause of action would still be dismissed as time barred. As explained in the following section, the statute of limitations found in 28 U.S.C. § 2401(a) has long been prescribed.

**B.     Untimely**

The NLRB argues that any cause of action Plaintiff may have had is barred by section 2401(a)'s statute of limitations and this Court therefore lacks jurisdiction for this additional reason. "[T]he six-year statute of limitations in § 2401(a) applies to suits seeking nonmonetary relief through nonstatutory review of agency action." *Geyen v. Marsh*, 775 F.2d 1303, 1309 (5th Cir. 1985). As recent as 2022, the Fifth Circuit held that § 2401(a)'s limitations period is jurisdictional.[12] *Ades v. United States*, 2022 WL 1198206, at *1 (5th Cir. Apr. 22, 2022) ("It

---

[12] In 2015, the Supreme Court held that § 2401(b), which contains nearly identical language to § 2401(a), is a non-jurisdictional time-bar and is subject to equitable tolling. *United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015). Since the Supreme Court's decision in *Kwai Fun Wong*, several appellate courts have extended its reasoning to § 2401(a), finding its limitations period to be non-jurisdictional. *See Jackson v. Modly*, 949 F.3d 763, 776 (D.C. Cir. 2020) ("[W]e hold today that the Supreme Court's decision in *Kwai Fun Wong* overrules our precedent treating § 2401(a)'s statute of limitations as jurisdictional."); *DeSuze v. Ammon*, 990 F.3d 264, 270 (2d Cir. 2021) ("We therefore conclude that Section 2401(a)'s time bar does not divest us of jurisdiction."); *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 817 (6th Cir. 2015) ("The *Arbaugh* rule together with its application in *Kwai Fun Wong* gives us comfort in siding with the non-jurisdictional side of this [circuit] split. Section 2401(a) does not limit a federal court's subject-matter jurisdiction."); *Matushkina v. Nielsen*, 877 F.3d 289, 292 n.1 (7th Cir. 2017) (§ 2401(a) does not "affect[] subject matter jurisdiction"); *North Dakota Retail Ass'n v. Bd. of Governors of the Fed. Rsrv. Sys.*, 55 F.4th 634, 642 (8th Cir. 2022) ("This court has long considered § 2401(a) a jurisdictional bar." However, [b]ased on *Kwai Fun Wong* and the persuasive opinions of the other circuits, this court now holds that § 2401(a) is not a jurisdictional bar."); *Chance v. Zinke*, 898 F.3d 1025, 1033 (10th Cir. 2018) ("we conclude that § 2401(a) isn't jurisdictional"); *see also Cedars–Sinai Medical Center v. Shalala*, 125 F.3d 765, 770 (9th Cir.1997) ("Because the statute of limitations codified at 28 U.S.C. § 2401(a) makes no mention of jurisdiction but erects only a procedural bar, we hold that § 2401(a)'s six-year statute of limitations is not jurisdictional, but is subject to waiver.").

After *Kwai Fun Wong*, the Fifth Circuit, for the most part, has found that § 2401(a)'s statute of limitations is jurisdictional. *See Ades v. United States*, 2022 WL 1198206, at *1 (5th Cir. Apr. 22, 2022) ("[Section 2401(a)] operates to deprive federal courts of jurisdiction."); *State v. Rettig*, 987 F.3d 518, 529 (5th Cir. 2021) ("[U]nlike the ordinary world of statutes of limitations, here the failure to sue the United States within [§ 2401(a)'s] limitations period deprives us of jurisdiction."); *General Land Office v. U.S. Dep't of the Interior*, 947 F.3d 309, 318 (5th Cir. 2020) ("[Section 2401(a)'s] timing requirement is jurisdictional, because it is a condition of the United States' waiver of sovereign immunity."); *Am. Stewards of Liberty v. Dep't of Interior*, 960 F.3d 223, 229 (5th Cir. 2020) ("[A] failure to sue the

operates to deprive federal courts of jurisdiction."); *General Land Office v. U.S. Dep't of the Interior*, 947 F.3d 309, 318 (5th Cir. 2020). And if a limitations period is jurisdictional, once prescribed, it completely deprives a court of authority to hear the case — it is not subject to waiver or equitable tolling. *Texas v. United States*, 891 F.3d 553, 559 (5th Cir. 2018) ("[J]urisdictional limitations are strong medicine for litigants, attorneys, and judges alike, for with a want of subject matter jurisdiction, the court is deprived of all authority to hear a case: it must dismiss the case irrespective of equitable considerations, and it must do so even when timeliness arguments have been waived."); *Perez v. United States*, 167 F.3d 913, 915 (5th Cir. 1999) ("whether the limitations provisions . . . are jurisdictional—in which case equitable tolling could not apply').

Here, Plaintiff makes clear in his Opposition that he is seeking judicial "review of the decision NLRB made on December 30, 1999," when the Regional Director in New Orleans refused to file an unfair labor practice complaint upon investigating his charge. (R. Doc. 18 at 4). Plaintiff also readily acknowledges that the conduct "complained of . . . did occur over 2[0] years ago." (R. Doc. 18 at 4). To be clear, Plaintiff had knowledge of the alleged injury in December of 1999. *See Rushing v. Yazoo Cnty. by & through Bd. of Supervisors of Yazoo Cnty.*, 861 F. App'x 544, 553 (5th Cir. 2021) ("we assess accrual from the moment the plaintiff has sufficient information to know that he has been injured").

---

United States within the limitations period" found in § 2401(a) "is not merely a waivable defense. It operates to deprive federal courts of jurisdiction.").

The Court must, however, point out that the Fifth Circuit's case law on this issue is conflicting. *See Louisiana v. U.S. Army Corps of Eng'rs*, 834 F.3d 574, 584 (5th Cir. 2016) ("Timeliness [under § 2401(a)] does not raise a jurisdictional issue in this court."); *see also Clymore v. United States*, 217 F.3d 370, 374 (5th Cir. 2000) ("[T]he doctrine of equitable tolling has potential application in suits, like this one, that are governed by the statute of limitations codified at 28 U.S.C. § 2401(a)."). Nevertheless, this Court is bound by Fifth Circuit precedent, the majority and most recent of which finds the relevant limitations period is jurisdictional. But to be sure, the Court would still find the claim time-barred under § 2401(a) and subject to dismissal — jurisdictional or not.

But even if the Court assumed a later accrual date in February of 2000 — when the General Counsel denied Plaintiff's appeal and dismissed his Charge on February 7, 2000[13] — Plaintiff's February 2, 2022 Complaint was still nearly 14 years late. Nothing more need be said.[14] Plaintiff's

---

[13] Because Plaintiff's claim is so obviously time-barred, the Court need not determine the exact date of accrual. *See DeSuze v. Ammon*, 990 F.3d 264, 270–71 (2d Cir. 2021) ("We need not decide here the precise moment when the Tenants' APA claims accrued, because they are time-barred under Section 2401(a) whether they accrued when HUD approved Linden Plaza's rental increase application in 2007 or when the Tenants later learned the basis for approval of the HUD Application.").

[14] The government argues that Plaintiff has not provided any reason for his nearly 22-year delay in filing this lawsuit. Therefore, the government suggests, there is "no basis" to equitably toll the statute of limitations. The Court agrees that Plaintiff has indeed offered no excuse for his failure to act in the 21-plus years following the General Counsel's denial of his appeal. And that if the statute of limitations could be equitably tolled, there would be no basis to do so here, and dismissal would still be warranted. But a jurisdictional limitations period is not subject to equitable tolling. *See United States v. Wong*, 575 U.S. 402, 410 (2015) ("Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it.").

The Court acknowledges that the Fifth Circuit has previously found that § 2401(a)'s jurisdictional limitations period may be subject to equitable tolling. *See Clymore v. U.S.*, 217 F.3d 370, 374 (5th Cir. 2000) ("[T]he doctrine of equitable tolling has potential application in suits, like this one, that are governed by the statute of limitations codified at 28 U.S.C. § 2401(a)."). But the Supreme Court once again made clear in 2015 that if a time-bar is jurisdictional, "a court must enforce the limitation . . . even if equitable considerations would support extending the prescribed time period." *United States v. Kwai Fun Wong*, 575 U.S. 402, 408-09, 420 (2015) ("We held in Irwin that the [] rebuttable presumption of equitable tolling . . . appl[ies] to suits brought against the United States under a statute waiving sovereign immunity. . . . A rebuttable presumption, of course, may be rebutted . . . . One way to [rebut] that [presumption] . . . is to show that Congress made the time bar at issue jurisdictional.").

In other words, equitable tolling is not available where a statute of limitations is jurisdictional. *See, e.g., Texas v. United States*, 891 F.3d 553, 559 (5th Cir. 2018) ("[J]urisdictional limitations are strong medicine for litigants, attorneys, and judges alike, for with a want of subject matter jurisdiction, the court is deprived of all authority to hear a case: it must dismiss the case irrespective of equitable considerations, and it must do so even when timeliness arguments have been waived."); *Star v. Sec'y of U.S. Dep't of Homeland Sec.*, 2022 WL 3644188, at *2 (W.D. Tex. June 3, 2022) ("Because the Court considers 28 U.S.C. § 2401(a) to be a jurisdictional statute, equitable tolling is unavailable to Plaintiff."); *Del Angel Cardona v. Mayorkas*, 2021 WL 5242972, at *5 (S.D. Tex. May 27, 2021) ("[E]quitable tolling is unavailable . . . . [T]he five-year period in § 1503(a) [is] a jurisdictional requirement. When a time bar is jurisdictional, the Court must strictly enforce it, even if equitable considerations would support extending the prescribed time period."); *United States v. Approximately Two Hundred Twenty-Two (222) Firearms & Firearm Accessories*, 2020 WL 8093569, at *3 (N.D. Tex. Dec. 7, 2020) ("When a deadline is jurisdictional, after the deadline has passed, the Court is stripped of all authority to hear the case, and the Court must dismiss the action, regardless of any equitable considerations.").

But again, even if equitable tolling is available, the facts of this case do not warrant any tolling of the limitations period. Plaintiff does not explain his extraordinary delay in filing this lawsuit. *See Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992) ("Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.").

February 2, 2022 cause of action was filed well beyond § 2401(a) statute of limitations, and it must be dismissed.

### C.    Dismissal is Appropriate without Amendment

To reiterate, it is well-settled that the General Counsel's decision not to issue an unfair labor practice complaint is not subject to judicial review. Moreover, it is plainly clear that any cause of action Plaintiff may have had is time-barred. Because, this Court lacks subject matter jurisdiction, any further amendment would prove futile under the particular circumstances of this case, and Plaintiff's cause of action against the NLRB should be dismissed as recommended above.

What's more, an amendment would also be pointless, as Plaintiff's Opposition seemingly contains the new factual allegations and bases for jurisdiction that Plaintiff would include in any amendment. As such, Plaintiff has alleged his best case, and amendment of the Complaint is not appropriate for this additional reason. *Dark v. Potter*, 293 F. App'x 254, 257–58 (5th Cir. 2008) ("[T]he record does not indicate that Dark amended her complaint, but . . . she filed a lengthy response to the USPS's motion to dismiss. . . . [W]e believe Dark was fully apprised of her complaint's potential insufficiency and given opportunity to correct any insufficiencies. . . . Thus . . . we assume that Dark has alleged her best case."); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("Although the plaintiff here has not filed a supplemental complaint, he did file an extensive response to the defendants' motion to dismiss. This pleading responds specifically to the defendants' objection that the complaint" was defective.).

### IV.    CONCLUSION

As explained above, this Court is without jurisdiction to hear Plaintiff's cause of action, as prosecutorial decisions of the NLRB's General Counsel are not subject to judicial review. His cause of action against the NLRB should be dismissed without prejudice for lack of subject matter

jurisdiction. Beyond that, any cause of action Plaintiff might have had against the NLRB is barred by 28 U.S.C. § 2401(a)'s statute of limitations. Therefore, the Court **RECOMMENDS** that the NLRB's Motion to Dismiss (R. Doc. 13) be **GRANTED** and that Plaintiff's cause of action be **DISMISSED** without prejudice. *Bros. Petroleum, LLC v. United States*, 569 F. Supp. 3d 405, 408 (E.D. La. 2021) ("If a court lacks subject matter jurisdiction, it should dismiss without prejudice.").

Signed in Baton Rouge, Louisiana, on March 9, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**