# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CLAUDE PORTER**                         **CIVIL ACTION**

**VERSUS**                                       **NO. 22-76-BAJ-SDJ**

**TRISTAN L. LEAVITT, et al.**

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 14, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAUDE PORTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-76-BAJ-SDJ** |
| **TRISTAN L. LEAVITT, et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss (R. Doc. 14) filed by the United States of America on behalf of the Federal Defendants: Tristan Leavitt, Robert E. Kirschman, Jr., and Louis DeJoy.[1] The United States seeks dismissal of Plaintiff's cause of action against these Defendants under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed an Opposition (R. Doc. 18), to which the United States submitted a Reply Memorandum (R. Doc. 22).

According to the United States, this Court lacks subject matter jurisdiction over Plaintiff's request for annuity and due process claims, which should be dismissed pursuant to Rule 12(b)(1). Plaintiff also waived his discrimination claim by seeking review in the Federal Circuit. Moreover, both his discrimination and annuity claims are time barred, and his request for annuity is barred by res judicata, as well. Although the Court does not address each of these arguments, it agrees that Plaintiff's cause of action against the Federal Defendants must be dismissed.

---

[1] According to the Complaint, Plaintiff named Tristan Leavitt as "General Counsel of the MSPB," Robert Kirschman as "Department of Justice OPM," and Louis DeJoy as "Postmaster General USPS." (R. Doc. 1 at 2).

I.  **BACKGROUND**

"Over 22 years ago" Plaintiff worked for the United States Postal Service as a Rural Letter Carrier. (R. Doc. 1 at 5); (MSPB Initial Decision, R. Doc. 14-7 at 1). Plaintiff alleges that USPS removed him from his job in 1998 for refusing to "work on official relief days which [were] observe[d] as a religious sabbath by [Plaintiff]." (R. Doc. 1 at 5).

Despite being removed from his position with USPS in 1998 (R. Doc. 1 at 7), and although "he clearly stopped receiving pay[checks] in 1998" (R. Doc. 14-7 at 4), Plaintiff applied for deferred annuity benefits with the Office of Personnel Management in June of 2019 (R. Doc. 1 at 3). The Office of Personnel Management denied his request for retirement benefits on July 9, 2019, as Mr. Porter had not been employed by the USPS for more than 2 decades and therefore "did not meet all of the necessary eligibility criteria for a deferred annuity." *Porter v. Merit Sys. Prot. Bd.*, 2021 WL 3871953, at *1 (Fed. Cir. Aug. 31, 2021); (R. Doc. 1 at 3).

In August of 2019, Plaintiff appealed OPM's decision to the Merit Systems Protection Board. (R. Doc. 1 at 4). But that appeal additionally challenged his 1998 termination as discriminatory. Because Plaintiff's appeal challenged both OPM's denial of his request for annuity, and his removal from USPS as discriminatory, the MSPB bifurcated it into two—one appeal involving his request for annuity and another involving his removal from USPS. *See Porter*, 2021 WL 3871953, at *1 n.1.

The MSPB then dismissed Plaintiff's appeal of his termination from USPS as "untimely filed." (R. Doc. 14-7 at 1). "Generally, an appeal must be filed . . . no later than 30 [days] . . . after the effective date" of the challenged action or 30 days "after . . . the agency's decision is received, whichever is later." (R. Doc. 14-7 at 2); *see also* 5 C.F.R. § 1201.22(b). Here, despite being

terminated in 1998, Plaintiff waited until August 8, 2019 to "challenge[] his removal from his position with the United States Postal Service." (R. Doc. 14-7 at 1). And although it gave Plaintiff a chance to show good cause for his 20-year delay, the MSPB explained:

> [I]t does not seem feasible that the appellant did not realize he was no longer employed by the [USPS] until 2019, when he clearly stopped receiving payment in 1998 . . . .

(R. Doc. 14-7 at 4). The MSPB decision on Plaintiff's 1998 termination became final on October 21, 2019. (R. Doc. 14-7 at 5). Plaintiff then filed a petition for review with the Federal Circuit on December 19, 2019 (R. Doc. 14-2 at 4), which he then voluntarily withdrew on October 7, 2020 (R. Doc. 14-4). The Federal Circuit granted Plaintiff's request for withdrawal on December 22, 2020, withdrawing his petition for review of the MSPB's final decision to dismiss his discriminatory termination appeal as untimely. (R. Doc. 14-5).

On August 5, 2020, the MSPB dismissed Plaintiff's appeal of OPM's denial of his deferred annuity request for failure to prosecute. (R. Doc. 14-6). In a decision that became final on September 9, 2020, the MSPB explained:

> [A]ppellant failed to participate in his appeal. Specifically, he failed to comply with the Acknowledgement Order, and failed to submit prehearing submissions, failed to participate in the status and prehearing conferences and failed to appear at the hearing. He also failed to respond to my orders in any way. Even after being provided with notice that his appeal could be dismissed for failure to prosecute if he did not participate, the appellant failed to do so.

(R. Doc. 14-6 at 8). Plaintiff filed a petition for review with the Federal Circuit on November 4, 2020, claiming that complications from COVID-19 and insufficient response times, among other things, resulted in his inability to prosecute his claim before the MSPB. *See Porter*, 2021 WL 3871953, at *2. On August 31, 2021, the Federal Circuit rejected these excuses, finding:

> Mr. Porter, however, did not make any record of these events before the Board to substantiate his claims and cannot raise them for the first time on appeal. Contrary to his arguments, the extent of Mr. Porter's participation in his appeal before the Board, based on the record, is that he filed a motion to compel the production of a document from OPM shortly after the Board docketed his appeal. Under these circumstances, the dismissal for failure to prosecute was not an abuse of discretion and was supported by substantial evidence.

*Porter*, 2021 WL 3871953, at *2. After appealing both his termination and OPM's denial of his deferred annuity to the MSPB and eventually the Federal Circuit, Plaintiff filed this lawsuit on February 2, 2022, citing 5 U.S.C. § 7703(b)(2) as the basis for jurisdiction. (R. Doc. 1 at 13) ("Under 7703(b)(2) Petitioner had a right to a trial in the district court when MSPB dismisse[d] a mixed case on procedural grounds.").

In the Complaint, Plaintiff claims that because his 1998 termination was discriminatory "he was still legally employed by the Postal Service and entitled to deferred annuity retirement." (R. Doc. 1 at 3). He alleges employment discrimination under Title VII of the Civil Rights Act of 1964, and a denial of due process in the MSPB's handling of his claims. (R. Doc. 1 at 3). As relief, he asks the Court to reverse OPM's "denial of his eligibility for retirement" and compute his eligibility for retirement benefits to the "present day." (R. Doc. 1 at 16). He also seeks an unspecified amount of "compensation for an overburdened rural route." (R. Doc. 1 at 16).

In his Opposition, Plaintiff further explains that he is seeking review of the MSPB's denial of his deferred annuity appeal for failure to prosecute. (R. Doc. 18 at 2). He claims that OPM "was negligent for failing to take the necessary actions to ensure that [Plaintiff's] Official Personnel Record contained accurate information." (R. Doc. 18 at 4). He also reasons that "until [this] [Court] decide[s] whether Petitioner is a former employee or a current employee will determine whether or not Petitioner is eligible for a Retirement Annuity and once decided the charges against the MSPB would become moot." (R. Doc. 18 at 8).

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1)

The party asserting subject-matter jurisdiction "bears the burden of proof for a motion to dismiss" under Rule 12(b)(1). *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). The district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Smith*, 756 F.3d at 347. "The standard of Rule 12(b)(1), while similar to the standard of Rule 12(b)(6), permits the court to consider a broader range of materials in resolving the motion." *Martin v. Halliburton*, 618 F.3d 476, 481 n.5 (5th Cir. 2010); *see also Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts" in resolving Rule 12(b)(1) motion).

### B.     Rule 12(b)(6)

To overcome a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *Iqbal*, 556 U.S. at 678. It must go beyond "labels and conclusions or a

formulaic recitation of the elements of a cause of action." *Id*. The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

**III. DISCUSSION**

The Court agrees with the United States that Plaintiff's causes of action against the Federal Defendants are all subject to dismissal, as discussed below.[2]

**A.    Waiver of Discrimination Claim**

The Civil Service Reform Act (CSRA), "establishes a framework for evaluating personnel actions taken against federal employees." *Perry v. Merit Sys. Prot. Bd.*, -- U.S. -- , 137 S. Ct. 1975, 1980 (2017). Following a "serious" personnel action, like a termination, "the affected employee has a right to appeal the agency's decision to the MSPB, an independent adjudicator of federal employment disputes." *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012).

The general rule is that "[t]he Federal Circuit has exclusive jurisdiction over appeals from a final decision of the MSPB." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 6 (2012); *see also Perry v. Merit Sys. Prot. Bd.*, -- U.S. -- , 137 S. Ct. 1975, 1981 (2017) ("Section 7703(b)(1)(A) provides the general rule: A petition to review a final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit."). But there is an exception to this general rule. *See* 5

---

[2] The United States mainly argues that Plaintiff's Complaint should be dismissed under Rule 12(b)(1), but alternatively argues for dismissal under Rule 12(b)(6). But where the Court limits its recommendation for dismissal to Rule 12(b)(1), it does not consider the United States' additional arguments under Rule 12(b)(6). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

U.S.C. § 7703(b)(2) ("Cases of discrimination subject to the provisions of section 7702 . . . shall be filed under [the enforcement sections of Title VII, the ADEA and the FLSA], as applicable.").

The exception applies when an employee alleges a 'mixed case,' as Plaintiff has done here. A "mixed case" is one in which "an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination." *Perry*, -- U.S. -- , 137 S. Ct. at 1980; *Elgin v. Dep't of Treasury*, 567 U.S. 1, 13 (2012) ("In only one situation does the CSRA expressly exempt a covered employee's appeal of a covered action from Federal Circuit review based on the type of claim at issue. When a covered employee alleges that a basis for the action was discrimination prohibited by enumerated federal employment laws."); *Kloeckner v. Solis*, 568 U.S. 41, 56 (2012) ("A federal employee who claims that an agency action appealable to the MSPB violates an antidiscrimination statute listed in § 7702(a)(1) should seek judicial review in district court, not in the Federal Circuit. That is so whether the MSPB decided her case on procedural grounds or instead on the merits."); *Toussaint v. Dep't of Veterans Affs.*, 2013 WL 1010787, at *12 (D.P.R. Mar. 13, 2013) ("[A] court may review a final decision of the MSPB when a mixed case involved both a personnel action over which MSPB has jurisdiction, together with a related discrimination claim."). Here, Plaintiff alleges discriminatory termination.

For mixed cases, "employees face a series of mutually exclusive paths." *Punch v. Bridenstine*, 945 F.3d 322, 324 (5th Cir. 2019); *see also Perry*, 137 S. Ct. at 1980 ("[T]he CSRA provides diverse procedural routes for an employee's pursuit of a mixed case."). Relevant here, an employee who initiates the process "by bringing [their] case directly to the MSPB," *Perry*, 137 S. Ct. at 1980, is left with 3 options for further review "[a]fter the MSPB decides [their] mixed case," *Punch*, 945 F.3d at 325. *See also Zachariasiewicz v. U.S. Dep't of Just.*, 48 F.4th 237, 243 (4th

Cir. 2022) ("The CSRA permits an employee who "has been affected by an action which he may appeal to the MSPB and alleges that unlawful discrimination was a basis for that action to bypass the agency review process and proceed before the MSPB instead.").

First, the employee can appeal directly to the Federal Circuit, "but only if [they] waive[] [their] discrimination claim[]," thereby limiting the appeal to "CSRA claims" only. *Punch*, 945 F.3d at 324-35; *see also* 5 U.S.C. § 7703(b)(1). Otherwise, the employee can continue pursuing their mixed case — either by "tak[ing] a further administrative appeal to the Equal Employment Opportunity Commission," or "immediately fil[ing] suit in the appropriate federal district court." *Id.*; *see also* 5 U.S.C. § 7703(b)(2) (judicial review in federal district court).

To be sure, "the intersection of federal civil rights statutes and civil service law has produced a complicated, at times confusing, process for resolving claims of discrimination in the federal workplace." *Kloekner*, 568 U.S. at 49. But even within this "intricate and complex" system, some things are plain:"[3]

> The issues of a mixed case are tied together for resolution at the same time. Therefore, after the MSPB rejects a mixed case . . . an employee who [still] wants to pursue the mixed case must do so by taking the *entire* thing to district court or the EEOC . . . .

*Punch v. Bridenstine*, 945 F.3d 322, 331 (5th Cir. 2019).

And an employee who instead chooses to seek judicial review in the Federal Circuit, unequivocally abandons their discrimination claim. *See Punch*, 945 F.3d at 331 ("[T]he employee can discard her discrimination claims and pursue only the CSRA claim in the Federal Circuit . . . [but] in no circumstance can the employee bifurcate or trifurcate her mixed case between these options."); *Pueschel v. Peters*, 577 F.3d 558, 563 (4th Cir. 2009) ("If the employee pursues the

---

[3] *Kloeckner v. Solis*, 568 U.S. 41, 49 (2012).

mixed case in the Federal Circuit, then she abandons her discrimination claims . . . ."); *Chappell v. Chao*, 388 F.3d 1373, 1378 (11th Cir. 2004) ("Chappell waived his right to proceed on his discrimination action in district court when he elected to appeal his termination claim to the Federal Circuit, rather than bringing his related discrimination and termination claims in one forum, as required."); *Smith v. Horner*, 846 F.2d 1521, 1523 (D.C. Cir. 1988) ("[A]ppellant relinquished that cause of action [for discrimination] when he responded to the Federal Circuit's Clerk's letter [and chose to appeal under Option 1.A]."); *Williams v. Dep't of Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983) ("Congress did not direct or contemplate bifurcated review of mixed cases under § 7702.").

Here, Plaintiff appealed his termination before the MSPB, alleging USPS terminated his employment because he refused to work on the "religious Sabbath." After the MSPB issued an unfavorable decision on procedural grounds (timeliness), *see Ludwick v. Merit Sys. Prot. Bd.*, 2023 WL 1087889, at *2 (W.D. Tex. Jan. 27, 2023) ("The dismissal for untimeliness falls within the realm of procedural dismissals addressed in *Kloeckner*."), Plaintiff sought judicial review of the MSPB's final decision in the Federal Circuit.

By seeking judicial review in the Federal Circuit, Plaintiff abandoned the very Title VII claim he now alleges before this Court. Nothing more need be said. Plaintiff is clearly barred from pursuing his discrimination claim here. *See Burrell v. U.S. Postal Serv.*, 164 F. Supp. 2d 805, 810 (E.D. La. 2001) (The "plaintiff who waives her discrimination claims to seek review in the Federal Circuit is barred from subsequently raising those claims in the district court"); *Marshburn v. Runyon*, 1994 WL 114676, at *1 (D.D.C. Mar. 22, 1994) ("[T]he Federal Circuit lacks jurisdiction to consider cases of discrimination. Because plaintiff has waived her Title VII claims, she now is barred from pursuing them here."); *Marshburn v. Runyon*, 28 F.3d 1295 (D.C. Cir. 1994)

("Marshburn waived her right to pursue a discrimination complaint concerning her discharge by appealing the decision of the Merit Systems Protection Board to the United States Court of Appeals for the Federal Circuit.").

Plaintiff has therefore waived his Title VII claim, which must be dismissed pursuant to Rule 12(b)(1).[4] *See London v. Potter*, 2007 WL 1655325, at *6 (E.D. Tex. June 7, 2007) ("Because he waived his discrimination claims by appealing to the Federal Circuit from the MSPB, London's claims should be dismissed for lack of subject matter jurisdiction."); *Orr v. Merit Sys. Prot. Bd.*, 2009 WL 2905733, at *6 (E.D. La. Sept. 9, 2009), aff'd, 379 F. App'x 333 (5th Cir. 2010) ("Plaintiff only appealed the second (March 17, 2000) final order pertaining to her termination and then to the Federal Circuit, thereby waiving any discrimination claim she may have had. Regardless of how the plaintiff now parses her claim, she cannot re-litigate the matter in this federal district court; moreover, this Court is without subject matter jurisdiction."); *Parker v. Dep't of Def.*, 2003 WL 23641757, at *2 (E.D. Va. Oct. 27, 2003), *aff'd sub nom. Parker v. U.S. Dep't of Def.*, 96 F. App'x 892 (4th Cir. 2004) ("Therefore, because Parker waived her discrimination claims and the nondiscrimination claims have been decided by the Federal Circuit, this Court has no jurisdiction.")

Alternatively, Plaintiff's Title VII claim is clearly waived and subject to dismissal under Rule 12(b)(6), even if his waiver did not deprive the Court of jurisdiction. Although the United

---

[4] As the United States acknowledges, courts outside the Fifth Circuit have found dismissal under these circumstances appropriate under Rule 12(b)(6). *See* But whether dismissal is appropriate under Rule 12(b)(1) or Rule 12(b)(6), one thing is clear—Plaintiff's cause of action should be dismissed. See Punch, 945 F.3d at 330 n.5 (declining to redetermine whether the applicable time limits are jurisdictional and noting: Either way, § 7702 presents a roadblock to just one of the many routes Punch purported to take. For the reasons given below, those other roads also are now closed."); *see also Punch v. NASA*, 2018 WL 2306497, at *7 (S.D. Tex. Apr. 11, 2018) ("At this time, this Court need not decide whether the period of limitation set forth in 5 U.S.C. § 7703(b)(2) is jurisdictional. Even if this Court were to consider the equitable tolling doctrine, this is not a case that justifies its application.").

States moves for dismissal of Plaintiff's discrimination claim under Rule 12(b)(1), it acknowledges that courts have found dismissal under these circumstances appropriate under Rule 12(b)(6). *See Chappell v. Chao*, 388 F.3d 1373, 1379 (11th Cir. 2004) ("Although the federal district court had subject matter jurisdiction over all of Chappell's claims once the MSPB issued its final order, Chappell waived his right to file in that court by proceeding in the Federal Circuit."). But whether dismissal is appropriate under Rule 12(b)(1) or Rule 12(b)(6),[5] one thing remains clear — Plaintiff's Title VII claim has been waived and it must be dismissed. *See Punch*, 945 F.3d at 330 n.5 (declining to determine whether the applicable time limits are jurisdictional and noting: "Either way, § 7702 presents a roadblock to just one of the many routes Punch purported to take. For the reasons given below, those other roads also are now closed."); *see also Punch v. NASA*, 2018 WL 2306497, at *7 (S.D. Tex. Apr. 11, 2018) ("At this time, this Court need not decide whether the period of limitation set forth in 5 U.S.C. § 7703(b)(2) is jurisdictional. Even if this Court were to consider the equitable tolling doctrine, this is not a case that justifies its application.").

### B.  Withdrawal of Petition for Review and Timeliness of Discrimination Claim

The fact that Plaintiff eventually withdrew his Petition for Review of his termination before the Federal Circuit does not alter this result. Once Plaintiff started down a certain path, "federal law required [him] to follow that road to the end." *Punch*, 945 F.3d at 329. By appealing his

---

[5] The United States has attached pleadings, orders and documents filed in Plaintiff's prior cases to its Motion to Dismiss. (R. Docs. 14-2 to 14-7). Because these documents are both matters of public record and incorporated into the Complaint by reference, the Court may consider them even if Plaintiff's Complaint is subject to dismissal under Rule 12(b)(6). *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record. Accordingly, the consideration of the consent judgment does not convert this motion into one for summary judgment."); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (In deciding a motion filed pursuant to Rule 12(b)(6), "[a] court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

discrimination claim in the Federal Circuit, he "elected to proceed in that forum." *Stokes v. McDonough*, 2022 WL 1135758, at *5 (D. Utah Apr. 18, 2022) (withdrawal of pending appeal did not allow plaintiff to pursue discrimination claim in a different forum; "Once she filed the [] appeal, she elected to proceed in that forum. There are no U-turns").

Put simply, "[t]here are no U-turns." *Punch*, 945 F.3d at 329 ("What she could not do is go back to the first fork in the road and choose Option 2 by filing an EEO complaint. Once she chose Option 1, federal law required her to follow that road to the end.").

But even if Plaintiff's withdrawal of his Petition for Review before the Federal Circuit somehow reversed his waiver of his discrimination claim (which it did not), his Title VII claim before this Court would still be dismissed as time barred. Section 7703(b)(2) required Plaintiff to file in district court no more than 30 days after the MSPB issued its Final Decision on October 21, 2019. *See* 5 U.S.C. § 7703(b)(2) (30 days to file in district court). His Complaint, filed on February 2, 2022, is over 2 years late.[6]

The Fifth Circuit has previously held that this time-limit is jurisdictional.[7] *Punch v. Bridenstine*, 945 F.3d 322, 329 (5th Cir. 2019) ("We have held these limitations are

---

[6] For the sake of argument, Plaintiff's Title VII claim would still be time-barred if the Court considered December 22, 2020 — the day the Federal Circuit granted his request to withdraw his Petition for Review — as the day the clock started to run. Plaintiff filed his lawsuit on February 2, 2022 — well over 30 days after December 22, 2020. But to be clear, the correct date is October 21, 2019, when the MSPB issued its Final Decision.

[7] Again, as the United States points out, there is a circuit split on whether section 7703(b)(2)'s deadline is jurisdictional and therefore not subject to equitable tolling. (R. Doc. 14-1 at 12 n.59); *see also Punch v. Bridenstine*, 2018 WL 2306497, at *7 (S.D. Tex. April 11, 2018) (collecting cases). In 2019, the Fifth Court declined to reconsider the issue, noting that whether the statute of limitations could be equitable tolled did not matter under the circumstances before it; either way, that particular claim could not be equitably tolled and should therefore be dismissed. *See Punch*, 945 F.3d at 330 n.5. Here too, Plaintiff cannot show that he would be entitled to equitable tolling, even if it did apply.

Specifically, Plaintiff was informed by the MSPB that he had 30 days to seek judicial review of his discrimination claim in federal district court. (R. Doc. 14-7 at 10) ("[Y]ou may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (not the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> . . . ."). Despite

jurisdictional."); *Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) ("As a precondition to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to . . . file his complaint in a timely manner. If the claimant fails to comply with [this] requirement[] then the court is deprived of jurisdiction over the case."). For this additional reason, Plaintiff's Title VII claim alleging discriminatory termination must be dismissed under Rule 12(b)(1).

### C.  Deferred Annuity Benefits

Plaintiff asks this Court to reverse OPM's denial of his request for deferred annuity benefits, as well. But as outlined below, this Court lacks jurisdiction review any decision related to Plaintiff's unsuccessful request for retirement benefits.

Despite being terminated in 1998, Plaintiff filed a claim for deferred annuity benefits with OPM in June of 2019. *See Porter v. MSPB*, 2021 WL 3871953, at *1 (Fed. Cir. Aug. 31, 2021) ("In June 2019, he applied for a deferred annuity under the Federal Employees Retirement System"). A month later, "OPM rejected his application, finding that he did not meet all of the necessary eligibility criteria for a deferred annuity." *Porter*, 2021 WL 3871953, at *1. Plaintiff appealed OPM's denial to the MSPB, who dismissed the claim for Plaintiff's failure to prosecute. *See Porter*, 2021 WL 3871953, at *1 (The administrative judge "dismissed Mr. Porter's challenge for failure to prosecute . . . Mr. Porter did not seek review before the Board, and thus, the administrative judge's dismissal became the final decision of the Board."). Plaintiff then appealed the MSPB's dismissal to the Federal Circuit, who indeed "ha[d] jurisdiction under 28 U.S.C. §

---

having this information, Plaintiff still chose to seek review in the Federal Circuit before filing his untimely Complaint in this Court. "That is not the stuff of equitable tolling." *Punch v. Bridenstine*, 945 F.3d 322, 332-33 (5th Cir. 2019) ("The MSPB told Punch in writing that any district court complaint must be filed within 30 days. Punch received that order. Then she made her choice with the assistance of counsel. That is not the stuff of equitable tolling.").

1295(a)(9)." *Porter v. MSPB*, 2021 WL 3871953, at *1 (Fed. Cir. Aug. 31, 2021) (The MSPB's final decision "dismissed Mr. Porter's challenge for failure to prosecute . . . Mr. Porter seeks review of that dismissal before this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9)."). The Federal Circuit affirmed MSPB's dismissal.

To be sure, the Federal Circuit had *exclusive* jurisdiction to review the MSPB's final decision concerning Plaintiff's application for retirement benefits. *See Porter v. MSPB*, 2021 WL 3871953, at *1 (Fed. Cir. Aug. 31, 2021); *Wexler v. Merit Sys. Prot. Bd.*, 986 F.2d 1432 (10th Cir. 1993) ("Except in discrimination actions, the Federal Circuit Court of Appeals has *exclusive* jurisdiction over appeals from final orders or decisions of the MSPB."); *see also* 28 U.S.C. § 1295(a)(9); 5 U.S.C. § 7703(b)(1). The Federal Circuit indeed reiterated this point before affirming the MSPB's dismissal of Plaintiff's annuity request for failure to prosecute. *See Porter v. MSPB*, 2021 WL 3871953, at *1 (Fed. Cir. Aug. 31, 2021) ("Mr. Porter seeks review of that dismissal before this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).").

To reiterate, the Federal Circuit — the court with exclusive jurisdiction — has already issued a decision on this claim. And this Court is without jurisdiction to review a decision of the Federal Circuit. *See Wilder v. MSPB*, 2009 WL 935813, at *1 (D.D.C. April 2, 2009) ("the Supreme Court of the United States has jurisdiction to review any decision of a United States Court of Appeals."). Plaintiff's claim concerning his request for deferred annuity must therefore be dismissed under Rule 12(b)(1).

    **D.**    **Due Process**

Plaintiff also contends that the MSPB violated his "constitutional 5th amendment right of due process" by dismissing his request for annuity. (R. Doc. 1 at 12-13). Plaintiff's due process claim should likewise be dismissed for lack of subject matter jurisdiction.

The Federal Circuit had exclusive jurisdiction to review this final order of the MSPB. *See* 28 U.S.C. § 1295(a)(9); *see also Arakawa v. Reagan*, 666 F. Supp. 254, 257 (D.D.C. 1987) (dismissing plaintiff's claim that the MSPB and Federal Circuit denied them due process and noting "this Court lacks jurisdiction . . . ."). And after Plaintiff sought review in the Federal Circuit, *see Porter*, 2021 WL 3871953, at *2, only the Supreme Court of the United States had "jurisdiction to review . . . [a] decision of a United States Court of Appeals." *Arakawa*, 666 F. Supp. at 257; *see also* 28 U.S.C. § 1254.

Finally, to the extent Plaintiff is raising a collateral attack on the MSPB's decision, any challenge to the substantive and procedural decisions of the MSPB "should proceed along the [] universally accepted route of judicial review, not through a collateral attack raised in the district court." *Arakawa*, 666 F. Supp. at 257; *Wexler v. MSPB.*, 986 F.2d 1432 (10th Cir. 1993) ("[W]e cannot find any authority to support district court jurisdiction in this case. First, to the extent Plaintiff is challenging the procedures by which he achieved satisfaction of his employment termination claim, these procedures are governed by the CSRA, which vests exclusive jurisdiction in the MSPB and the Federal Circuit."). Therefore, Plaintiff's due process claims must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

### E.   Dismissal is Appropriate without Amendment

To reiterate, Plaintiff has clearly waived his discrimination claim, which is also time-barred. The Court likewise lacks jurisdiction over the denial of his request for retirement benefits

and any constitutional claims raised by Plaintiff. Because this Court lacks subject matter jurisdiction, any further amendment would prove futile under the circumstances of this case. There is no set of facts that could cure the defects cited by this Court, and Plaintiff's cause of action against the federal Defendants should be dismissed as recommended above.

What's more, an amendment would also be pointless, as Plaintiff filed a lengthy Opposition (R. Doc. 18), which seemingly contains all the new factual allegations and arguments for jurisdiction that Plaintiff would include in any amended complaint. As such, Plaintiff has alleged his best case and amendment of the Complaint is not appropriate for this additional reason. *Dark v. Potter*, 293 F. App'x 254, 257–58 (5th Cir. 2008) ("[T]he record does not indicate that Dark amended her complaint, but . . . she filed a lengthy response to the USPS's motion to dismiss. . . . [W]e believe Dark was fully apprised of her complaint's potential insufficiency and given opportunity to correct any insufficiencies. . . . Thus . . . we assume that Dark has alleged her best case."); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("Although the plaintiff here has not filed a supplemental complaint, he did file an extensive response to the defendants' motion to dismiss. This pleading responds specifically to the defendants' objection that the complaint" was defective.).

At the end of the day, this litigation concerns a federal employee who, despite being terminated in 1998 and taking no action to challenge that adverse employment action over the two proceeding decades, chose randomly to seek deferred annuity benefits in 2019. Plaintiff did so despite not having gone to work for the USPS or having received a paycheck from the federal government in more than two decades. Considerable amounts of this Court's time and resources have been spent on a litigation that has no merit and should have never been filed. (R. Doc. 29). It

is this Court's recommendation that Plaintiff's cause of action be dismissed without the opportunity to amend his Complaint.

## IV. CONCLUSION

As explained above, this Court is without jurisdiction to hear Plaintiff's cause of action, and alternatively, Plaintiff has failed to state a claim for relief. His entire Complaint against the federal Defendants should be dismissed. Therefore, the Court **RECOMMENDS** that the federal Defendants' Motion to Dismiss (R. Doc. 14) be **GRANTED** and that Plaintiff's cause of action be **DISMISSED** without prejudice. *See Bros. Petroleum, LLC v. United States*, 569 F. Supp. 3d 405, 408 (E.D. La. 2021) ("If a court lacks subject matter jurisdiction, it should dismiss without prejudice.").

Signed in Baton Rouge, Louisiana, on March 14, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**